755 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DAVID MCKINNEY AND HATTIE MCKINNEY, PETITIONERS-APPELLANTS,
v.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT-APPELLEE.
 NO. 84-1024
 United States Court of Appeals, Sixth Circuit.
 1/31/85
 
 Before: LIVELY, Chief Judge; ENGEL, Circuit Judge; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 David McKinney and Hattie McKinney appeal from the decision of the United States Tax Court assessing deficiencies and additions to tax in petitioners' income tax returns for the taxable years 1975 and 1976. The memorandum findings of fact and opinion, filed in the Tax Court on July 27, 1983, is unofficially reported at Tax Ct. Mem. Dec. (CCH) 864 (1983).
 
 
 2
 David McKinney and Hattie McKinney filed joint tax returns on the cash receipts and disbursement basis with the help of their accountant, James Norman. The Internal Revenue Service (IRS) audited the McKinneys' 1975 and 1976 tax returns and found deficiences in the amount of $61,721.81 for 1975 and $81,238.70 for 1976. The IRS imposed additions to tax in the amount of $3,086.09 pursuant to I.R.C. Sec. 6653(a) for 1975 and $40,641.85 pursuant to section 6653(b) for 1976. On June 25, 1979, David and Hattie McKinney filed a petition in the United States Tax Court seeking a redetermination of the deficiences and additions.
 
 
 3
 David and Hattie McKinney presented 10 issues to the Tax Court. The Tax Court found that the cost basis of taxpayer David McKinney's medical building was $157,000, not $412,100 as stated on his return. Second, the Tax Court found that David McKinney failed to substantiate his cost basis in his office furniture and equipment and thus disallowed his $2,800 depreciation deduction. Third, the Tax Court denied David McKinney's deduction for bad debts in the amount of $18,001.13 for 1975 and $24,579.00 for 1976 since he never included such amounts in his income. Fourth, the Tax Court denied the McKinneys' net operating loss deduction because they did not have a net operating loss for the year in question. Fifth, the Tax Court denied the McKinneys' deductions for additional salary expense and medical expense because of a lack of documentation or other substantiation. Sixth, the Tax Court disallowed the McKinneys' claimed investment tax credit for calendar year 1976 because David McKinney's office building did not qualify for a credit and the credit was claimed in the wrong year with respect to the furniture, fixtures and x-ray equipment. Next, the Tax Court found that the McKinneys' underpayment of tax in 1975 was due to negligence or intentional disregard of regulations and held that the McKinneys were liable for additions to tax pursuant to I.R.C. Sec. 6653(a). Finally, the Tax Court found David McKinney to be liable in the year of 1976 for additions to tax pursuant to I.R.C. Sec. 6653(b) for filing a fraudulent income tax return. The Tax Court found that David McKinney, against the advice of his accountant, deducted gifts to his children as 'legal and professional fees.' The Tax Court found deficiencies in the amount of $41,492.61 and $64,876.03 for 1975 and 1976. In addition, the tax court found the McKinneys' liable for additions to tax in the amount of $2,074.63 for 1975 and David McKinney liable for $32,438.02 for 1976.
 
 
 4
 David McKinney appeals the decision of the Tax Court on four grounds. First, McKinney alleges that the Tax Court erred in refusing to admit into evidence an unrecorded and unwitnessed purchase contract which showed the cost of his medical office building to be $500,000. Second, McKinney alleges that the tax court erred in imposing additions to tax pursuant to section 6653(a) and section 6653(b). Finally, McKinney alleges that the Tax Court erred in failing to grant a continuance before proceeding to trial.
 
 
 5
 It would be difficult to find a more egregious case of abuse of the tax laws than is presented by the conduct of appellants here. The findings of fact by the Tax Court are fully supported by the record and the grounds for appeal asserted by appellants are entirely without merit. The Tax Court was fully within its discretion in determining the additions to tax pursuant to I.R.C. Sec. 6653(a) for the tax year ending December 31, 1975, and under I.R.C. Sec. 6653(b) for the year ending December 31, 1976.
 
 
 6
 AFFIRMED.